VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-149

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2023

| | | |
|---|---|---|
| Jeffrey Rivard* v. Brattleboro Reformer & Susan Smallheer | } } } } } } | APPEALED FROM:<br><br>Superior Court, Windham Unit,<br>Civil Division<br>CASE NO. 22-CV-04364<br>Trial Judge: Michael R. Kainen |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the trial court's order striking his complaint under Vermont's anti-SLAPP (strategic lawsuit against public participation) statute, 12 V.S.A. § 1041.  We affirm.

Plaintiff filed a pro se complaint against defendants, journalist Susan Smallheer and publisher Brattleboro Reformer, alleging defamation, libel, negligence, and false light based on statements made in a newspaper article reporting on a jury trial in which plaintiff was the accused.  The short article stated that plaintiff was convicted of domestic assault in the presence of a child after a jury deliberated for only twenty-five minutes and that he was released pending sentencing.  The article also recounted some allegations from the police affidavit and reported that plaintiff filed a complaint alleging violations of his civil rights.

Defendants moved to dismiss and to strike plaintiff's complaint as precluded by Vermont's anti-SLAPP statute, 12 V.S.A. § 1041.  Plaintiff opposed the motion on several grounds.  The trial court concluded that defendants met the requirements of the statute in that the article was an exercise of free speech in connection with a public issue and plaintiff failed to show that the article was devoid of any factual support or arguable basis in law, noting that the article recited facts and did not form any independent opinion or comment about plaintiff's actions or guilt.  The court therefore granted the motion to strike plaintiff's complaint and granted defendants' attorney's fees.  Plaintiff appeals.

"The anti-SLAPP statute attempts to define the proper intersection between two constitutional rights—a defendant's right to free speech and petition and a plaintiff's right to petition and free access to the courts."  Cornelius v. The Chronicle, Inc., 2019 VT 4, ¶ 8, 209 Vt.

405 (quotation omitted). Under the statute, a defendant "in an action arising from the defendant's exercise, in connection with a public issue, of the right to freedom of speech . . . may file a special motion to strike" a complaint. 12 V.S.A. § 1041(a). If a defendant satisfies the public-issue requirement, the court must grant the motion unless the plaintiff demonstrates that the defendant's exercise was "devoid of any reasonable factual support and any arguable basis in law" and the defendant's "acts caused actual injury to the plaintiff." Id. § 1041(e)(1). "The question of whether § 1041 applies is a question of law that we review de novo." Cornelius, 2019 VT 4, ¶ 8.

On appeal, plaintiff reiterates the claims made below and argues that defendants falsely stated that he assaulted the complainant when it was actually a "mutual scuffle," painted him in a false light by stating that he was released pending sentencing (because he had not been incarcerated), and erred by identifying the crime as domestic assault in the presence of a child since that was not the name of the actual charge.

Defendants have met the threshold statutory requirement of demonstrating that the article involves an exercise of free speech related to a public issue. The article concerned defendant's criminal trial and this Court has previously held that matters related to law enforcement, public safety, and crime are areas of public concern. Id. ¶ 10. Plaintiff failed to demonstrate that the article was devoid of reasonable factual support in that all statements were supported by a factual basis. The article recounted facts from the criminal proceeding, repeated statements from the affidavit, contained statements made by the state's attorney, and recounted the existence of a court case. Plaintiff's disagreement with how the article characterizes the facts does not demonstrate that the article lacked reasonable factual support. The article did not make its own rendition of facts; rather, it repeated facts made or seen at the criminal proceeding and accurately reported statements made by a state's attorney. Under these circumstances, the article had reasonable factual support. See id. ¶ 15 (explaining that article had reasonable factual support where assertions in article were properly attributed to sources where facts were made).

Plaintiff's additional arguments do not provide a basis for reversal. Plaintiff argues that the court erred in stating that he did not request a retraction from the newspaper. We discern no error. The court's decision recounts plaintiff's contact with the newspaper concerning the article. Even assuming that this recounting was not wholly accurate, plaintiff has not demonstrated how any error in this recitation impacted the analysis under the anti-SLAPP statute.

Plaintiff next contends that the court erred in failing to order discovery. Pursuant to the anti-SLAPP statute, when a motion to strike is filed, discovery is stayed unless the court orders limited discovery for good cause. 12 V.S.A. § 1041(c). Here, plaintiff has not demonstrated that he requested discovery in the trial court. This Court will not consider arguments that a litigant has not properly preserved for appeal. In re Entergy Nuclear Vt. Yankee, LLC, 2007 VT 103, ¶ 9, 182 Vt. 340. "To properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994). Having failed to request discovery in the trial court, plaintiff has not preserved this argument for appellate review.

Plaintiff's final argument is that the court erred in not holding a hearing before resolving his motion to strike. The anti-SLAPP statute contains the following provision: "The court shall

hold a hearing on a special motion to strike not more than 30 days after service of the motion unless good cause exists for an extension." 12 V.S.A. § 1041(d). Plaintiff construes this provision as requiring a hearing in all instances where a motion to strike is filed rather than simply providing the time frame in which a hearing must be held where one is requested and the court decides it is warranted. In general, the court may provide an evidentiary hearing regarding a motion when requested and necessary. V.R.C.P. 7(b)(6).

We need not decide whether 12 V.S.A. § 1041(d) requires a hearing prior to resolution of all motions to strike because plaintiff did not request a hearing below and has therefore failed to preserve the argument for appeal.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice